IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIE L. GOLD, JR. and ANISSA FINNEY GOLD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:12-cv-01214 ) Judge Sharp / Knowles ) |
| CLARKSVILLE-MONTGOMERY COUNTY SCHOOL SYSTEM, et al, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon two Motions to Dismiss: one filed by Defendants Clarksville-Montgomery County School System ("CMCSS"), Yvette Anderson, John Miller, and Rosyln Williams (collectively the "CMCSS Defendants") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and the other, filed by Defendant Anna Neubauer pursuant to Fed. R. Civ. P. 12(b)(5) for failure to properly effect service.[1] Docket Nos. 48, 50. Along with their Motions, Defendants have contemporaneously filed supporting Memoranda of Law.[2] Docket Nos. 49, 51.

Plaintiffs, who are proceeding pro se, have filed Responses to both Motions. Docket

---

[1] Defendant Neubauer's Motion is actually a "Motion to Dismiss, or in the Alternative, for Summary Judgment." *See* Docket No. 50. For the reasons to be discussed herein, the undersigned will construe Defendant Neubauer's Motion as a Motion to Dismiss.

[2] Defendant Neubauer has also submitted a "Statement of Material Undisputed Facts" (Docket No. 52), and the Affidavit of Jeanine Chester (Docket No. 53).

Nos. 65, 66.

Plaintiffs Willie and Anissa Gold are the parents of two minor children who attend schools within the CMCSS. Docket No. 1. Plaintiffs originally filed suit on November 21, 2012, suing Defendants in their official capacities, solely on their own behalf. *Id.* On March 29, 2013, CMCSS Defendants filed a Motion to Dismiss and supporting Memorandum of Law. Docket Nos. 26, 27. In response, Plaintiffs filed a Motion to Amend their Complaint (Docket No. 39), which was granted (Docket No. 41).

On June 10, 2013, Plaintiffs filed their Amended Complaint. Docket No. 42. In their Amended Complaint, Plaintiffs sue on behalf of themselves and their two minor children: A. Gold and B. Gold. *Id.* Plaintiffs' Amended Complaint also sues Defendants in both their individual and official capacities, and adds Ms. Roslyn Williams as a Defendant.[3] *Id.* In their Amended Complaint, Plaintiffs allege violations of their due process and equal protection rights, Title IX violations, 42 U.S. C. § 1983 violations, negligence, and intentional infliction of emotions distress. *Id.* Specifically, Plaintiffs' contend that they have filed the instant lawsuit "against a school system/district and several of its officials and employees for tolerating, encouraging, and failing to adequately address a pattern of harassment, bullying and wrongful suspension which A Gold was verbally, emotionally harassed and bullied, and B Gold was verbally, emotionally, wrongfully suspended of the bus and physically assaulted by another

---

[3] Plaintiffs sue CMCSS, as the school system; Anna Neubauer, as the former Principal of Rossview Middle School; John Miller, as the Principal of Rossview High School; Yvette Anderson, as a CMCSS Bus Driver; and Roslyn Williams, as the Assistant Principal of Rossview Middle School. Docket No. 42, p. 2-3. Plaintiffs also sued Latoya Share Burney, as the mother of the alleged assailant. *Id.* In an Order entered January 31, 2013, Ms. Burney was terminated as a Defendant (Docket No. 14); accordingly, she is no longer a party in this action.

student over a long period of time [and] B Gold was harassed by an employee of the school system/district." *Id.*, p. 1. Plaintiffs further contend that Defendants "knew that B. Gold and A. Gold were being subject to ongoing, pervasive verbal and the physical assault and bullying," but took "unreasonable and insufficient" actions to curtail the bullying and harassment that A. and B. Gold faced, such that the children were denied the benefit of services, opportunities, and extracurricular activities offered by the school district. *Id.*, p. 4. Plaintiffs also allege that Defendants "followed a consistent policy, custom and practice in responding to bullying and harassment within the CMCSS School District over the course of many years despite its failure to effectuate any reduction in harassment," that included:

> a. ignoring all but the most egregious reports;
> b. treating reported incidents dismissively
> c. selectively disregarding its own Code of Conduct;
> d. victimizing victims by requiring public reporting of incidents;
> e. demanding confrontation between reporting victim and perpetrator
> f. placing victims and known perpetrators in close proximity in classrooms without maintaining control or discipline
> g. failing to acknowledge and address the behaviors of individual known perpetrators
> h. minimizing the import of verbal harassment; and
> i. repeated application of the same policies and practice despite knowledge that its actions had exacerbated the harassment

*Id.* (inconsistent punctuation original).

Plaintiffs aver that Defendants "failed to develop programs and practices reasonably designed to effectively address bullying and harassment," such that there was a "climate where harassment was rampant." *Id.*, p. 5. Plaintiffs contend that Defendants had: "extensive prior knowledge" of the fact that their children were being bullied and harassed by two fellow students; knew the identities of those two students; knew that Plaintiffs' previous complaints

3

"had triggered retaliation and exacerbated the hostile environment"; knew of the increasing severity of the acts against, and harassment of, the minor children; "consciously disregarded" their obligation to put into place procedures that would ensure the safety of the minor children, both at school and on the school bus; created a hostile environment where bullying and harassment was encouraged, facilitated, and tolerated; and failed to change their manner of response to eliminate the hostile environment. *Id.*, p. 6.

Plaintiffs further allege that Defendants failed to properly supervise, train, and monitor staff, and "negligently breached the duty to use reasonable care to ensure that [the minor children] were provided with a safe environment free from harassment and bullying." *Id.*, p. 7, 9. Specifically, Plaintiffs contend that Defendants negligently failed to: exercise reasonable care to protect the minor children from physical, mental, or emotional harm, bullying, or harassment; appropriately respond to reported incidents of harassment, which increased the risk of further harm to the children; and exercise reasonable care to provide a safe environment for the children. *Id.*, p. 9.

Plaintiffs assert that their minor children have suffered "severe emotional distress, including but not limited to, horror, fright, post-traumatic stress disorder, anxiety and humiliation," and "continue to require intensive therapy and counseling in order to cope with the post-traumatic stress disorder." *Id.*, p. 5, 8. Specifically, Plaintiffs state that their minor children experience "daily bouts of sadness and fear, depriving B. Gold and A. Gold of any lasting experience of safety, happiness, security or serenity." *Id.* Plaintiffs aver that their minor children have been unable to return to school, and that their "inability to return to any school settings deprives them of their social interactions critical to adolescent development." *Id.*

Plaintiffs also aver that they have suffered lost wages and mental and emotional distress. *Id.* Plaintiffs seek compensatory and punitive damages, as well as "all other necessary and appropriate relief to redress the injuries incurred as a result of the Defendants' violations." *Id.*, p. 8.

In light of Plaintiffs' Amended Complaint, the undersigned denied as moot (Docket No. 62) CMCSS Defendants' original Motion to Dismiss (Docket No. 26). Defendants filed the instant Motions and supporting Memoranda on July 11, 2013. Docket Nos. 48-53.

CMCSS Defendants first contend that all claims brought on behalf of the minor children should be dismissed because Plaintiffs are proceeding pro se. Docket No. 49, p. 3. Thus, they cannot represent their minor children, as a plaintiff cannot appear pro se when interests other than their own are at stake. *Id.*, *citing Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002). CMCSS Defendants additionally argue that, "parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to the parent or representative." *Id.*

CMCSS Defendants also argue that the only cause of action pled by Plaintiffs' on their own behalf is intentional infliction of emotional distress. Docket No. 49, p. 5. CMCSS Defendants maintain that claims for intentional infliction of emotional distress are governed by the Tennessee Governmental Tort Liability Act ("TGTLA"), which has a one-year statute of limitations. *Id.*, p. 4-5. CMCSS Defendants thus argue that the majority of Plaintiffs' claims are time-barred. *Id.* CMCSS Defendants note that Plaintiffs' allege that the conduct giving rise to the instant action occurred between August 2011 and November 2012, and Plaintiffs' filed suit on November 21, 2012. *Id.* CMCSS Defendants assert, therefore, that any alleged conduct that

5

occurred prior to November 21, 2011 would be barred by the applicable one-year statute of limitations. *Id.*

With regard to Plaintiffs' claims against Defendant Williams, CMCSS Defendants note that Plaintiffs did not name Ms. Williams as a Defendant until they filed their First Amended Complaint on June 10, 2013. *Id.*, *citing* Docket No. 42. CMCSS Defendants contend, therefore, that the applicable one-year statute of limitations bars any claims against Ms. Williams that are based upon conduct that occurred prior to June 10, 2012. *Id.* CMCSS Defendants also contend that the relation back doctrine of Fed. R. Civ. P. 15(c) is inapplicable to Plaintiffs' claims against Ms. Williams because Plaintiffs' decision not to name Ms. Williams as a Defendant in their initial Complaint was a deliberate choice, and not the result of a mistake concerning her identity. *Id.*, p. 5-6. CMCSS Defendants note that Plaintiffs, in their initial Complaint, actually discussed Ms. Williams' alleged involvement, thereby demonstrating their knowledge of her role and existence, but nevertheless did not name her as a Defendant. *Id.*, p. 6. CMCSS Defendants further note that, in their First Amended Complaint, Plaintiffs did not attempt to substitute Ms. Williams for a different Defendant who had been named earlier, but rather, simply added Ms. Williams as a Defendant. *Id.* CMCSS Defendants argue that because Plaintiffs demonstrably knew of Ms. Williams existence and alleged involvement when they filed their initial Complaint, but chose not to name her as a Defendant at that time, "Plaintiffs cannot take advantage of the relation back doctrine" with regard to their claims against her. *Id.*, p. 6-7.

As to Plaintiffs' substantive due process claims, CMCSS Defendants reiterate their assertion that the due process claims of the minor children must be dismissed because the pro se Plaintiff parents cannot represent them. *Id.*, p. 7. CMCSS Defendants also argue that, to the

6

extent that the minor children assert that the violation of their due process rights occurred due to a policy or custom of CMCSS which failed to protect them bullying and harassment, that claim is based upon negligent conduct, which is insufficient to constitute a due process violation. *Id.*, p. 7-8. CMCSS Defendants further argue that the substantive due process clause "protects individuals from abuses of government power and does not impose a constitutional duty on the school to protect students from harm inflicted by private actors, such as their classmates." *Id.*, p. 9, *quoting DeShaney v. Winnebago Cnty. Dept. Of Soc. Servs.*, 489 U.S. 189, 195 (1989); and *citing Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999).

With regard to Plaintiffs' equal protection claims, CMCSS Defendants reiterate their assertion that the equal protection claims of the minor children must be dismissed because the pro se Plaintiff parents cannot represent them. *Id.*, p. 9. CMCSS Defendants additionally note that Plaintiffs cannot sustain an equal protection claim because they have failed to allege a prima facie case of such, since, in their First Amended Complaint, they do not allege either that the minor children were treated disparately from other similarly situated persons or that the minor children were part of a protected class. *Id.*, p. 10.

With respect to Plaintiffs' Title IX claims, CMCSS Defendants reiterate their assertion that the equal protection claims of the minor children must be dismissed because the pro se Plaintiff parents cannot represent them. *Id.* CMCSS Defendants also note that Plaintiffs' cannot sustain individual causes of action under Title IX, as a Title IX claim can only proceed against the funding recipient (*i.e*. CMCSS itself), not the individual Defendants. *Id.*, p. 10-11, *citing Haines v. Metroplitan Gov't of Davidson Co., Tennessee,* 32 F.Supp.2d 991, 1000 (M.D. Tenn. 1998); *Soper*, 195 F.3d at 854. Inasmuch as Plaintiffs seek to impose Title IX liability against

7

CMCSS itself, CMCSS Defendants argue that the Supreme Court has permitted a private cause of action for a student against a school based on student-on-student sexual harassment only in "certain limited circumstances," which are inapplicable to the case at bar. *Id.*, p. 11-12, *citing Davis v. Monroe Co. Bd. Of Educ.*, 526 U.S. 629, 643 (1999). Specifically, CMCSS Defendants contend that Plaintiffs have failed to allege that the minor children were harassed on the basis of their sex, which is required in order to state a viable Title IX claim. *Id.*, p. 12, *citing Davis*, 526 U.S. at 650-52; *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 79-81 (1998); *Hoffman v. Saginaw Pub. Sch.*, 2012 U.S. Dist. LEXIS 88967 (E.D. Mich. June 27, 2012); 20 U.S.C. § 1681(a).

CMCSS Defendants additionally argue that, with regard to Plaintiffs' claims against them in their official capacities, they stand in the shoes of the entity that they represent, namely CMCSS itself. *Id.*, p. 13, *citing Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, they argue that the official capacity claims against the individual CMCSS Defendants are "redundant" and should be dismissed. *Id.*

With regard to Plaintiffs' claims against them in their individual capacities, CMCSS Defendants argue that Plaintiffs' original Complaint failed to state the capacity in which they sued the originally-named Defendants, such that those Defendants were presumed to be sued in their official capacities only. *Id.,* p. 13-14*, citing Soper*, 159 F.3d at 853; *Wells v. Brown*, 891 F.2d 591, 593 (1989). CMCSS Defendants contend that, "Adequate notice requires not only general knowledge of the lawsuit but also notice of the capacity in which the party is being sued." *Id.*, p. 14, *citing Ling v. Herrod*, 445 F.Supp.2d 892, 895 (W.D. Tenn. 2006); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993). CMCSS Defendants argue that: (1) they did not

8

receive adequate notice that they were being sued in their individual capacities; and (2) all of the allegations contained in the Complaint relate to duties they performed as CMCSS employees in their official capacities as such. *Id.*, p. 14-15. CMCSS Defendants also argue that the individual claims are untimely because, as noted above, the claims in this action have a one-year statute of limitations, and the relation back doctrine found in Fed. R. Civ. P. 15 does not apply since they did not receive adequate notice that they were being sued in their individual capacities and could not have so known. *Id.*

With respect to Plaintiffs' negligence claims, CMCSS Defendants argue that, in addition to the reasons already discussed above, because Plaintiffs cannot sustain their federal claims, the Court should decline to exercise supplemental jurisdiction over their negligence claims. *Id.*, p. 15-16. As to Plaintiffs' claim for punitive damages, CMCSS Defendants contend that punitive damages are not legally available under 42 U.S.C. § 1983, Title IX, or the Tennessee Governmental Tort Liability Act. *Id.*, p. 16.

Finally, with regard to Plaintiffs' claim for intentional infliction of emotional distress (the only claim CMCSS Defendants assert that the adult Plaintiffs bring on behalf of themselves, as well as their minor children), CMCSS Defendants argue that the State has not waived immunity for such claims, and "[t]he law is clear that when the governmental employer is immune from suit, individual defendants sued in their official capacities share in that immunity." *Id.*, p. 19, *citing Autry v. Hooker, et al.,* 304 S.W.3d 356, 364 (Tenn. Ct. App. 2009); Tenn. Code Ann. § 29-20-310(c). CMCSS Defendants also argue that Plaintiffs, in their First Amended Complaint, allege harm only to their children; they fail to allege intentional infliction of emotional distress on their own behalf. *Id.*

Plaintiffs Response in opposition to the instant Motion asks the Court to appoint counsel to the minor children, rather than dismiss their claims. Docket No. 66, p. 3. Plaintiffs state, "The Parents [] sought to hire legal counsel and were unable to do so and ask the courts to also legal [*sic*] counsel to be appointed in an indigent status." *Id.* Plaintiffs contend that this Court has federal question jurisdiction pursuant to 42 U.S.C. § 1983, and has supplemental jurisdiction as a result, such that this action is properly before this Court and CMCSS Defendants' Motion should be "dismissed." *Id.* Plaintiffs also argue that CMCSS is liable because it knew that its remedial actions were ineffective, it continued to utilized those ineffective methods, and it failed to take appropriate action to end the harassment, in light of the known circumstances. *Id.*, p. 4-5.

With regard to CMCSS Defendants' "request" to dismiss the intentional infliction of emotional distress claims, Plaintiffs respond simply that Defendants' Motion should be dismissed with prejudice. *Id.*, p. 4. Plaintiffs conclude that CMCSS Defendants' Motion should be denied in all aspects. *Id.*, p. 6.

As discussed above, Defendant Neubauer has filed her own Motion and supporting documents, seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(5) or Fed. R. Civ. P. 56(c). Docket Nos. 50-53. She argues that Plaintiffs' claims against her should be dismissed because she is being sued in her individual and official capacities, yet she retired from her employment with CMCSS effective June 1, 2012, and she has never been served with process. Docket No. 51, p. 2. Specifically, Defendant Neubauer states:

> After filing a federal action, a plaintiff must ensure that each defendant receives a summons and a copy of the complaint with[in] 120 days of filing the complaint. Cardenas v. City of Chicago, 646 F.3d 1001, 1004 (7th Cir. 2011). Rule 4(m) of the

> Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the complaint is filed the court must dismiss the action.
>
> In this matter, Defendant Neubauer was never served with the original complaint which was filed November 21, 2012. See D.E. No. 23. Plaintiffs have not attempted to reissue the summons afer the failure to obtain service on Ms. Neubauer occurred on or about March 18, 2013. See D.E. No. 23; Court file. Plaintiffs did not seek additional time with the Court to try to serve Defendant Neubauer. See Court file. Plaintiffs are aware of the service requirement and process as they effectively served two other individual defendants, John Miller and Yvette Anderson. See Court file. As of the date of this filing, 231 days have passed since the filing of the original complaint.
>
> Furthermore, in Plaintiffs' First Amended Complaint filed on June 10, 2013, Plaintiffs for the first time allege liability on the part of the individual Defendants in their individual capacities. With respect to Defendant Neubauer, Plaintiffs' individual capacity claims are untimely. Under FRCP (15)(c)(1)(C) an amendment changing the party or the name of the party relates back to the date of the original pleading if: . . . (2) the party received notice of the action within the period for service and summons of the complaint set forth in FRCP 4(m); . . . .
>
> . . .
>
> As noted above Neubauer was not served with the original Complaint and had no notice that she would be sued in her official or individual capacity with respect to performing her job duties as principal. The statute of limitations has run and she still has not been served which is well beyond the required 120 days from the filing of the original complaint. Under the law, Defendant Neubauer not only was not served with the lawsuit, she had no reason to know that she might be sued in her individual capacity; and therefore . . . the individual capacity claims against Defendant Neubauer must be dismissed.

*Id.*, p. 4-5 (footnotes omitted).

Defendant Neubauer concedes that a dismissal pursuant to Rules 4(m) and 12(b)(5) is generally a dismissal without prejudice, but she argues that, because the applicable one-year

11

statutes of limitation have run, dismissal with prejudice is appropriate in the case at bar because any re-filing of this action "will be met with a statute of limitations defense and a dismissal." *Id.*, p. 6, *citing Cardenas v. City of Chicago*, 646 F.3d 1001, 1007-08 (7th Cir. 2011); *Dudzinski v. Spirit Airlines, Inc., et al.*, 2013 U.S. Dist. LEXIS 43890 (E.D. Mich. Mar. 5, 2013). Defendant Neubauer states:

> Plaintiffs' First Amended Complaint alleges that the alleged harassing and bullying conduct regarding their minor children occurred between August 2011 and November 2012. See First Amended Complaint ¶ 13. Defendant Neubauer retired effective June 1, 2012, thus any alleged conduct on her part could not have taken place after May 2012 as all the allegations concerned actions or inactions on her part as a principal; thus, under no scenario could Plaintiffs re-file their lawsuit against her with any of their claims being timely, as all of their claims as noted above have a one year statute of limitations. For these reasons, all of the individual capacity claims against Defendant Neubauer must be dismissed with prejudice as a matter of law.

*Id.*, p. 6-7.

Plaintiffs' Response in opposition does not address the issue of Defendant Neubauer's service of process. Docket No. 65. Rather, Plaintiffs' respond that:

> Anna Neubauer had prior knowledge that there was going to be an attack on minor B. Gold. Parents Willie L. Gold Jr. and Anissa Finney Gold had a conversation with Anna Neubauer when the letter written by and [*sic*] J. Wilson. A copy of the letter was given to Anna Neubauer. A copy of the video tape was sent to Anna Neubauer once the attack was made on B. Gold. The attack on B. Gold occurred in November 2011 and Anna Neubauer was still the Principal of Rossview Middle School (RMS) at 2265 Cardinal Lane Clarksville TN 37043. Anna Neubauer was subpoena [*sic*] to court and was present when Judge Wayne Shelton placed J. Burney and J. Wilson on probation and was aware that J. Burney (middle school student) was not to have any contact with B. Gold under no circumstances.

*Id.*, p. 3.

Plaintiffs argue, therefore, that the undersigned should deny Defendant Neubauer's Motion and "dismiss" it "in its entirety." *Id.*

For the reasons set forth below, Plaintiffs have failed to state a claim upon which relief can be granted against the CMCSS Defendants, and have failed to properly serve Defendant Neubauer. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 48, 50) be GRANTED.

## II. Facts[4]

Plaintiffs minor children have been students of the CMCSS since they have been in school. Docket No. 42, ¶ 12. They were harassed and bullied between August 2011 and November 2012. *Id.*, ¶ 13.

Plaintiffs received two juvenile court Orders prohibiting contact between the alleged assailants and Plaintiffs' family, and the Montgomery County Courthouse faxed copies of those Orders to Rossview Middle School for the school to keep on file. *Id.*, ¶¶ 14, 15. Despite this, one of the alleged assailants remained in the same gym class as one of Plaintiffs' children. *Id.*, ¶ 16.

Many, if not most, of the incidents of bullying and harassment occurred on the school bus, in Defendant Anderson's presence. *Id.*, ¶ 17. Others took place on school grounds, "in plain sight." *Id.*, ¶ 22. Incidents included food, paper, and a "small bouncy ball" being thrown at Plaintiffs' children. *Id.*, ¶ 18. The incidents were "well known to students." *Id.*, ¶ 22. CMCSS personnel were told "of the matters" on more than one occasion. *Id.,* ¶¶ 17, 23.

---

[4] Unless otherwise noted, the following "facts" are taken from Plaintiffs' First Amended Complaint, and are taken as true for purposes of the instant Motions to Dismiss. Docket No. 42.

13

In "retaliation" for Plaintiffs' filing a complaint with the Montgomery County School Transportation Operations Department of Clarksville, Tennessee, Plaintiffs' child, B. Gold, was accused of throwing gum out the bus window and received a one day suspension for "the alleged action that was not on the school bus video recording." *Id.*, ¶ 19.

When asked to address B. Gold's bullying and safety issues, Defendant Neubauer moved the alleged assailant to another class pod, but the alleged assailant continued to ride the school bus until November 23, 2012. *Id.*, ¶¶ 20, 25. When asked to address A. Gold's harassment and safety issues, Defendant Miller stated that he could not do anything about the situation without observing it. *Id.*, ¶ 21.

Plaintiffs filed new juvenile petitions against the alleged assailants in November or December 2012. *Id.*, ¶ 26.

### III. Analysis

#### A. Fed. R. Civ. P. 4(m) and 12(b)(5) - Service of Process

Fed. R. Civ. P. 12(b)(5) provides that an action may be dismissed on the grounds of insufficient service of process.

Fed. R. Civ. P. 4(m) provides the time limit for effecting service of process, and states in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

#### B. Fed. R. Civ. P. 12(b)(6) - Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim

upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" -

> "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**C. The Case at Bar**

As discussed above, Plaintiffs Willie L. Gold, Jr. and Anissa Finney Gold are proceeding pro se, and have filed this action on behalf of themselves and their minor children. While 28 U.S.C. § 1654 provides that, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel," it does not permit plaintiffs to appear pro se when interests other than their own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (*citing Iannoccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998)). Similarly, parents cannot appear pro se on behalf of their minor children, because a minor's personal cause of action is her own and does not belong to the parent or representative. *Shepherd*, 313 F.3d at 970-71 (*citing Cheung v. Youth Orch. Foundation of Buffalo, Inc.,* 906 F.2d 59, 61 (6th Cir. 1990)). Accordingly, Plaintiffs Willie L. Gold, Jr. and Anissa Finney Gold cannot represent their minor children in this action, and the claims brought on the childrens' behalf must be dismissed.

Plaintiffs Willie L. Gold, Jr. and Anissa Finney Gold ask this Court to appoint counsel for their children, rather than dismiss the claims, noting, "The Parents [] sought to hire legal counsel and were unable to do so." Docket No. 66, p. 3. Unlike criminal proceedings, however, there is no constitutional right to appoint counsel for plaintiffs in a civil action. *Willett v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977). Moreover, the Sixth Circuit has held that appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993). Plaintiffs Willie L. Gold, Jr. and Anissa Finney Gold have failed to demonstrate "exceptional

16

circumstances" that would warrant the Court's appointment of counsel for a civil litigant. In fact, by their own averment, they sought to hire counsel but were unable to do so. Based on the facts and circumstances presented in this case and the applicable law, the Court declines to appoint counsel for the minor children in this action.

With regard to the substantive claims brought on behalf of themselves, Plaintiffs Willie L. Gold, Jr. and Anissa Finney Gold, in their First Amended Complaint, allege only as follows:

> 33. Willie L Gold Jr. has incurred losses in his own right as a direct and proximate result of the defendants actions:
>     a. Lost wages
>     b. The deliberate misconduct of the District has directly and proximately caused Parent to suffer from extreme and ongoing mental distress and anxiety
>
> 34. Anissa Finney-Gold has incurred loss in her own rights as a direct and proximate result of the defendants actions:
>     a. Loss of wages by having to close down the salon to handle the bullying matter and court.
>     b. The deliberate misconduct of the District has directly and proximately caused Parents to suffer from extreme and ongoing mental distress, anxiety, panic attacks and mental breakdown.

Docket No. 42, p. 5.

Liberally construing Plaintiffs' First Amended Complaint, with the recommended dismissal of the causes of action brought on behalf of the minor children, the only remaining cause of action is the claim for intentional infliction of emotional distress brought by, and on behalf of, Plaintiffs Willie L. Gold, Jr. and Anissa Finney Gold. Claims for intentional infliction of emotional distress, in the context of the facts presented herein, are governed by the Tennessee Governmental Tort Liability Act, and the State of Tennessee has not waived immunity for such claims. *See* Tenn. Code. Ann. § 29-20-101, *et seq.*; Tenn. Code. Ann. § 29-20-205; *Johnson v.*

17

*South Cent. Human Resource Agency*, 926 S.W.2d 951 (Tenn. App. 1996).

Moreover, with regard to Plaintiffs' official capacity claims against the individual Defendants, Defendants stand in the shoes of their employer, CMCSS. *See, e.g., Kentucky v. Graham*, 473, U.S. 159, 166 (1985). The individual Defendants, therefore, cannot be held liable in their official capacities. Additionally, with regard to Plaintiffs' individual capacity claims against Defendants, Plaintiffs' original Complaint does not specify the capacity in which they sue Defendants. *See* Docket No. 1. Accordingly, Plaintiffs are presumed to have sued Defendants in their official capacities only. *See, e.g., Soper v. Hoben,* 195 F.3d 845, 853 (6th Cir. 1999); *Wells v. Brown*, 891 F.2d 591, 593 (6th cir. 1989). Furthermore, because the factual allegations of Plaintiffs' claims relate to the alleged actions or inactions of Defendants' within the scope of their employment, Defendants had no reason to know that they were being sued in their individual capacities as well. Plaintiffs did not aver that any individual Defendant did something specific to them; rather, Plaintiffs simply aver that, "The deliberate misconduct of *the District* has directly and proximately caused Parents to suffer . . . ." Docket No. 42, p. 5 (emphasis added). Absent individual allegations, Defendants did not receive the requisite notice that they were being sued in their individual capacities until they received a copy of Plaintiffs' First Amended Complaint (Docket No. 42) on June 10, 2013 and so read.[5]

Inasmuch as Plaintiffs seek to hold CMCSS liable for intentional infliction of emotional distress to themselves, Plaintiffs First Amended Complaint fails to allege facts supporting the requisite elements of their claim. *See* Docket No. 42, ¶¶ 33, 34, quoted *supra*, p. 17. Absent

---

[5] Adequate notice requires not only general knowledge of the lawsuit, but also notice of the capacity in which the parties are being sued. *Ling v. Herrod*, 445 F.Supp.2d 892, 894-95 (W.D. Tenn. 2006)(citing *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993)).

such allegations, they cannot sustain their claim.

With regard to Defendant Neubauer, the record reflects that she has not been properly served., and that the applicable statute of limitations has run. Accordingly, Plaintiffs cannot sustain a claim against her.

### IV. Conclusion

For the reasons discussed above, Plaintiffs have failed to state a claim upon which relief can be granted against the CMCSS Defendants, and have failed to properly serve Defendant Neubauer. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss (Docket Nos. 48, 50) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge