UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIE L. GOLD, JR. and ANISSA FINNEY GOLD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:12-cv-01214 ) ) Judge Sharp |
| CLARKSVILLE-MONTGOMERY COUNTY SCHOOL SYSTEM, *et al.*, | ) Magistrate Judge Knowles ) ) |
| Defendants. | ) |

# ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the *Motion to Dismiss* (Docket Entry No. 48)[1] and *Defendant Anna Neubauer's Motion to Dismiss, or in the alternative, for Summary Judgment* (Docket Entry No. 50) be granted. The R & R provides, in part,

> Plaintiff Willie L. Gold, Jr. and Anissa Finney Gold cannot represent their minor children in this action, and the claims brought on the children's behalf must be dismissed. . . Moreover, the Sixth Circuit has held that appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993). Plaintiffs Willie L. Gold, Jr. and Anissa Gold have failed to demonstrate "exceptional circumstances" that warrant the Court's appointment of counsel for a civil litigant.

\*\*\*

> Liberally construing Plaintiffs' First Amended Complaint, with the recommended dismissal of the causes of action brought on behalf of the minor children, the only remaining cause of action is the claim for intentional infliction of emotional distress brought by, and on behalf of, Plaintiffs Willie L. Gold, Jr. and Anissa Finney Gold. . .with regard to Plaintiffs' official capacity claims against the individual Defendants, Defendants stand in the shoes of their employer, CMCSS. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The individual

---

[1] This motion was filed on behalf of Defendants Clarksville-Montgomery County School System, Yvette Anderson, John Miller, and Roslyn Williams ("CMCSS Defendants").

1

Defendants, therefore, cannot be held liable in their official capacities. Additionally, with regard to Plaintiffs' individual capacity claims against Defendants, Plaintiffs' original Complaint does not specify the capacity in which they sue Defendants. *See* Docket No. 1. Accordingly, Plaintiffs are presumed to have sued Defendants in their official capacities only. *See, e.g.*, *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999); *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). . . Absent individual allegation, Defendants did not receive the requisite notice that they were being sued in their individual capacities until they received a copy of Plaintiffs' First Amended Complaint (Docket No. 42) on June 10, 2013 and so read.

Inasmuch as Plaintiffs seek to hold CMCSS liable for intentional infliction of emotional distress to themselves, Plaintiffs' First Amended Complaint fails to allege facts supporting the requisite elements of their claim. . . Absent such allegations, they cannot sustain their claim.

With regard to Defendant Neubauer, the record reflects that she has not been properly served, and that the applicable statute of limitations has run. Accordingly, Plaintiffs cannot sustain a claim against her.

***

For the reasons discussed above, Plaintiffs have failed to state a claim upon which relief can be granted against the CMCSS Defendants, and have failed to properly serve Defendant Neubauer.

Therefore, the Magistrate Judge recommended that "Defendants' Motions to Dismiss (Docket Nos. 48, 50) be GRANTED." (Docket Entry No. 80 at 16-19). Plaintiffs filed timely objections to the R & R.[2] (Docket Entry Nos. 82 and 83).

Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

---

[2] Although the filing is titled "Plaintiff's [sic] Opposition to Motion to Dismiss," the Court interprets it as an objection. The objection asks that the Court "deny the motion to dismiss all claims due to Plaintiffs not having an attorney" and requests the Court "to consider appointing an attorney for the said plaintiff's [sic] A. Gold and B. Gold." (*Id.* at 1). "Appointment of counsel in a civil case is not a constitutional right" but "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Here, the Magistrate Judge appropriately considered whether exceptional circumstances warranted the appointment of counsel in this case and determined that they did not. However, should Plaintiffs need legal representation in the future, there are agencies available to provide free legal services to individuals with low income. Some examples are the Legal Aid Society of Middle Tennessee and the Cumberlands as well as the Tennessee Justice Center.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 80) is hereby ACCEPTED and APPROVED;

(2) The *Motion to Dismiss* (Docket Entry No. 48) filed by Defendants Clarksville-Montgomery County School System, Yvette Anderson, John Miller, and Roslyn Williams is hereby GRANTED;

(3) *Defendant Anna Neubauer's Motion to Dismiss, or in the alternative, for Summary Judgment* (Docket Entry No. 50) is hereby GRANTED; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE